BURKHALTER KESSLER
CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email: aburkhalter@bkcglaw.com
Daniel J. Kessler, Esq. Bar No 173710
Email: djkessler@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501
Attorneys for Plaintiff
Call Delivery Systems, LLC

Jonathan Landesman, Esq.
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC
30 South 17th Street, 19th Floor
Philadelphia, PA 19103
TEL: 215-564-1700
FAX: 215-564-3066
jlandesman@cohenseglias.com
Co-Counsel for Plaintiff
Call Delivery Systems, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Call Delivery Systems, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Daryl Morgan, an individual; Call Haven Partners, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:20-cv-04637-CBM-PD<br>Honorable Consuelo B. Marshall<br>Courtroom 8B<br><br>Assigned for Discovery purposes:<br>Magistrate Judge<br>Honorable Patricia A. Donahue<br>Courtroom 580<br><br>**PLAINTIFF'S NOTICE OF MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO PLAINTIFF'S DOCUMENT REQUEST NOS. 43, 44, AND 45, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: May 22, 2020<br>Trial Date: October 5, 2021 |

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 37(a)(3)(B) and the Court's March 11, 2021 Order (Doc. No. 47), Plaintiff, Call Delivery Systems, LLC ("CDS"), by and through its undersigned counsel, moves before Magistrate Judge Honorable Patricia Donahue in the United States District Court, Central District of California, Western Division, Courtroom 8B, for an Order compelling Defendants, Daryl Morgan and Call Haven Partners, LLC, to produce full and complete responses to CDS's Document Request Nos. 43, 44, and 45.

This Motion is supported by the Memorandum of Points and Authorities submitted herewith. CDS respectfully requests Oral Argument.

Dated: March 12, 2021

**BURKHALTER KESSLER CLEMENT & GEORGE LLP**

By: *Joshua A. Waldman*
Alton G. Burkhalter
Daniel J. Kessler
Joshua A. Waldman
*Attorneys for Plaintiff*

Dated: March 12, 2021

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

By: *Jonathan Landesman*
Jonathan Landesman
*Attorneys for Plaintiff*

## I.     INTRODUCTION

Pursuant to the Court's March 11, 2021 Order (Doc. No. 47), Plaintiff, Call Delivery Systems, LLC ("CDS"), by and through its undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Compel Defendants, Daryl Morgan ("Morgan") and Call Haven Partners, LLC ("Call Haven") (collectively, "Defendants"), to produce full and complete responses to CDS's Document Requests. Despite acknowledging that they possess both relevant and non-privileged documents that are responsive to CDS's Document Request Nos. 43, 44, and 45 (the "Requests"), Defendants refuse to produce those documents. In doing so, the Defendants advance two novel and equally misguided arguments, which seek to turn the discovery process mandated by Rule 26 on its head.

First, Defendants argue that CDS should not receive any documents whatsoever related to damages because Defendants apparently decided, on their own, that CDS's well-grounded claims do not have "sufficient" merit. In that regard, CDS anticipates that Defendants will again present this Court with a selective and grossly distorted characterization of the record established during discovery. As it turns out, the most compelling evidence of Defendants' unlawful conduct are the admissions that Morgan made at his own deposition, especially with respect to misappropriating CDS's customer information while he was still employed by CDS. For example, and contrary to the blanket denials that Morgan presented to this Court in an affidavit opposing the entry of a temporary restraining order, Morgan admitted, *inter alia,* that:

- In early February 2020, while he was still actively employed as CDS's Chief Technology Officer, he started Call Haven, which is a direct competitor of CDS.

- In mid-late February 2020, while he was still actively employed as CDS's Chief Technology Officer, he contacted Robert Liff, President of CDS Supplier 732-Numbers and informed Liff that: (i) he started his own competing business; and (ii) would be leaving CDS.

- On or about March 3, 2020 (the same day that Morgan resigned from, but was still being paid by CDS), 732-Numbers became a Supplier of Call Haven, based on Morgan's prior conversations with Liff.

- Before he left his employment as CDS's Chief Technology Officer, he contacted *at least* five (5) additional Buyers and Suppliers of CDS, which just hours or days later, became Buyers and/or Suppliers of Call Haven.

- In total, more than half of Call Haven's roughly thirty (30) current Buyers and Suppliers (combined) are former CDS Buyers and/or Suppliers, to which Morgan only gained access through his employment at CDS.[1]

Second, despite failing to raise the issue in the Parties' Rule 26(f) Discovery Plan or at any other time prior to the onset of discovery, Defendants now contend that California Civil Code of Procedure § 2019.210 somehow precludes CDS from obtaining any documents related to the Parties' damages. In other words, Defendants seek to deviate from the discovery plan set forth in this Court's Scheduling Order, without any basis. As set forth below, Defendants' arguments run directly counter to Ninth Circuit law, and thus, the Court should grant CDS's Motion to Compel.

## II.  STATEMENT OF FACTS

On May 22, 2020, CDS initiated this action by filing a Complaint against Morgan, CDS's former Chief Technology Officer, and Call Haven, a new competing business that Morgan started during his employment with CDS. (Doc. No. 1). The Complaint includes three claims against Defendants for: violations of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.* (Count I); violations of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Code Civ. Proc. § 3426, *et seq.* (Count II); and Breach of Fiduciary Duty of Loyalty (Count III). (*Id.*). On June 10, 2020, Morgan filed Counterclaims for, among other things: (i) Unpaid Overtime Wages (Count

---

[1] Pursuant to the Court's March 11, 2021 Order (Doc. No. 47), it is not CDS's intent to burden the Court with a full overview of the merits for purposes of this narrow discovery dispute. However, a copy of the Transcript from Morgan's deposition is available at the Court's request.

I); Waiting Time Penalties (Count II); Failure to Timely Furnish Accurate Itemized Wage Statements (Count III); and Breach of Contract (Count IV).  (Doc No. 30).

On August 14, 2020, CDS served Defendants with the Requests, which call for Defendants to produce the following:

- **Document Request 43**:  Any and all documents, including any sales records, which reflect the total amount of gross revenue and net profits that [Call Haven] has generated from performing work within any person or entity known by [Defendants] to be a current or former buyer, supplier, or customer of CDS.

- **Document Request 44:**  All documents, including any financial statements, which evidence the amount of gross and net income that [Defendants] have received through Call Haven since January 1, 2020.

- **Documents Request 45:**  Morgan's federal, state and local tax returns, including but not limited to W-2 and 1099 forms, any and all schedules and attachments and any and all documents related to any audits conducted by the Internal Revenue Service or any other federal, state or local taxing authority, for the years 2019 to present, and for future years as they become available.

The Requests are directly relevant to the claims at issue, including the measure of damages that CDS may recover at Trial, as well as the damages to which Morgan claims he is entitled in his Counterclaims.  Nonetheless, Defendants have thus far failed to produce even a single document in response to the Requests, despite admitting that responsive, non-privileged documents do exist and are also within their possession, custody, and control.

### III.   LEGAL ARGUMENT

**A.   Defendants Are Not Entitled to Withhold Relevant Documents Based Upon Their Own Subjective Views of CDS's Claims.**

As noted above, Defendants argue that they can avoid producing any responsive documents because they disagree that CDS's claims have merit.  Defendants' obstructionist stance contradicts Ninth Circuit law and should be rejected.  For instance,

4

*Hous. Rts. Ctr. v. Sterling*, No. CV 03-859 DSF, 2004 WL 3610229, at *4 (C.D. Cal. Dec. 6, 2004), the defendants argued that they should not be required to produce financial records relevant to damages because – *like here* – they believed that the claims at issue were "based on 'mere, unsupported allegations.'" The District Court summarily rejected that argument, reasoning, in pertinent part, as follows:

> Defendants' argument ignores the purpose of discovery. They argue that Plaintiffs' demand is based on 'mere, unsupported allegations. This, without more, cannot support forcing the [defendants] to produce [the documents]….Defendants' argument fails to acknowledge that, at the discovery phase, allegations are often unsupported. Plaintiffs carry a relatively low burden of substantiating their allegations before they are entitled to discovery.

*Hous. Rts. Ctr.*, 2004 WL 3610229, at *4. The District Court also explained that if the defendants believed that the Complaint [was] meritless on its face, then a motion to dismiss may have been appropriate, but "[r]aising [that] argument in objection to a discovery request [] is not appropriate." *Hous. Rts. Ctr.*, 2004 WL 3610229, at *4; *see also Huhtamaki Foodservice, Inc. v. AmeriPride Servs., Inc.*, No. CIVS000113LKKJFM, 2005 WL 8176578, at *1 (E.D. Cal. Oct. 26, 2005) (citing ("[w]hen a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information about the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages."); *Baykeeper v. Kramer Metals, Inc.*, No. CV073849DDPFMOX, 2009 WL 10671577, at *4 (C.D. Cal. Feb. 27, 2009) (citations omitted) ("[t]he law [] is well settled…that [i]nformation regarding damages is as discoverable as is that which pertains to liability…").

      Ultimately, Defendants have not and cannot proffer any legal authority to support their novel position, and contrary to Defendants' claims, it is up the fact-finder – *not Defendants* – to decide the merits of CDS's claims. In light of these circumstances, the Court should the instant Motion and compel Defendants to produce full and complete responses the Requests, consistent with Defendants' obligations under the Rules of Civil Procedure.

**B.     Cal. Code Civ. Proc. § 2019.210 is Irrelevant and Does Not Preclude CDS from <u>Obtaining Financial Documents Relevant to Damages.</u>**

In refusing to produce any responsive documents, Defendants argue that "[CDS] has failed to provide an initial trade secret disclosure with reasonable particularity which is a prerequisite to commencing trade secret discovery…" However, Defendants fail to recognize that Cal. Code Civ. Proc. 2019.210 only relates to the identification of trade secrets that are misappropriated and give rise to a cause of action under the CUTSA. *See* Cal. Code Civ. Proc., § 2019.210 ("[i]n any action alleging *the misappropriation of a trade secret* under the Uniform Trade Secrets Act…*before commencing discovery relating to the trade secret*, the party alleging the misappropriation shall identify *the trade secret* with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.") (emphasis added). Here, the discovery requests at issue do not "relate to the trade secret" but instead relate to financial information and monies paid to Defendant Morgan. Even putting that threshold issue aside, in *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020), the Ninth Circuit impliedly rejected the application of Cal. Code. Civ. Proc. § 2019.210 to federal court proceedings. In *InteliClear*, the Ninth Circuit reversed the lower court's ruling, which granted summary judgment in favor of the defendant based upon the plaintiff's failure to describe the trade secrets at issue with sufficient particularity. *Id*. at 664. The Ninth Circuit noted "[f]ederal courts have applied [§ 2019.210] in federal cases," but ultimately applied a different standard "consistent with the standard for 'sufficient particularity' set by other federal circuits." *Id*. at 658 n. 1, 659.

Unlike Cal. Code Civ. Proc. § 2019.210, which requires a plaintiff to disclose the trade secrets at issue with "reasonable particularity" prior to discovery, the Ninth Circuit's standard of "sufficient particularly" may be satisfied through discovery. *Id*. at 662 ("discovery provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification…[r]efining trade

secret identifications through discovery makes good sense."). Thus, in reversing the District Court, the Ninth Circuit impliedly rejected § 2019.210's requirement that a plaintiff disclose the trade secret at issue with reasonable particularity *before* commencing discovery. *Id.* at 659 ("[a]t this stage, particularly where no discovery whatsoever had occurred, it is not fatal to InteliClear's claim that its hedging language left open the possibility of expanding its identifications later. InteliClear's burden is only to identify at least one trade secret with sufficient particularity to create a triable issue.").

The Ninth Circuit's decision in *InteliClear* is consistent with this Court's interpretations of Cal. Code Civ. Proc. § 2019.210. More specifically, this Court has found that, unless a trial judge orders otherwise, Cal Civ. Code Proc. § 2019.210 does not apply to federal court proceedings. *See Conversion Logic, Inc. v. Measured, Inc.*, No. CV 19-5546 ODW (FFMx), 2020 WL 2046391, *2 (C.D. Cal. Jan. 16, 2020) ("Rule 26 explicitly sets forth the timing of discovery and states that discovery may commence once the parties have conferred as required by Rule 26(f)…Section 2019.210 imposes burdens on discovery that conflict with the liberal discovery scheme of the Federal Rules of Civil Procedure…"); *M/A-COM Technology Solutions, Inc. v. Litrinium, Inc.*, No. SA CV 19-00220-JVS (JDEx), 2019 WL 4284523, *1 (C.D. Cal. June 11, 2019) (declining to reach the issue of whether Cal. Code Civ. Proc. § 2019.210 applies to trade secret claims in federal court and instead applying § 2019.210 pursuant to trial judge's "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery" under Federal Rule of Civil Procedure 26); *see also Masimo*, 2020 WL 5223558, *5 ("[r]egardless of how Section 2019.210 has been applied by California state or other courts, [the trial judge] has wide discretion to order pretrial proceeding before him, and the Scheduling Order, binding on this Court and the parties stays "trade secret discovery only" pending Plaintiff's compliance with Section 2019.210…"). Notably, the *Masimo* court's decision to apply Cal. Code Civ. Proc. § 2019.210 in that particular case rested entirely on the District Judge's inclusion of the rule in the applicable Schedule Order. *See Id.* at *3.

7

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**

Here, where: (i) Defendants failed to raise any issue related to Cal. Civ. Code § 2019.210 in the Parties' Rule 26(f) Discovery Plan or at any other time before the Parties commenced fact discovery; (ii) Cal. Civ. Code 2019.210 is not mentioned anywhere in the Court's Scheduling Order (Doc No. 36), pursuant to which the Parties were required to initiate fact discovery without any limitations; and (iii) the documents at issue are financial records that are relevant to damages for <u>all</u> of CDS's claims and not the trade secrets misappropriated by Defendants in violation of the CUTSA, Cal. Code Civ. Proc. 2019.210 does not apply.  To hold otherwise would also preclude CDS from obtained damages information related to its separate causes of action for violations of the DTSA and Morgan's Breach of Fiduciary Duty of Loyalty.  S*ee Beiner Enterprises, Inc. v. Adam Caldwell, Inc.,* No. CV1308723ABMRWX, 2015 WL 4977186, at *3 (C.D. Cal. Aug. 21, 2015) (recognizing that, in the context of a breach of fiduciary duty case, "a lost-profits calculation is the most appropriate measure of damages.").  Nonetheless, Defendants now seek to "undermine the court's ability to control its docket" by imposing additional prerequisites, which this Court, in its sound discretion, never adopted.[1] Further, even assuming, *arguendo*, that Cal. Code Civ. Proc. § 2019.210 did apply, CDS has sufficiently disclosed multiple trade secrets at issue in both its Complaint and subsequent filings, as well as throughout the course of discovery conducted to date.  In that regard, on May 28, 2021, the Court issued its Order on CDS's Ex Parte Application for Temporary Restraining Order, explaining in pertinent part:

> The Ninth Circuit has recognized that customer lists, such as the list of Buyers and Suppliers here, qualify as trade secrets because their disclosure would permit competitors 'to direct [their] sales efforts to those potential customers…the Routing Software and TFNA may [also] be protectable trade secrets because [CDS] spent time and money to develop them, and they

---

[1] Defendants are free to designate the financial records at issue as "CONFIDENTIAL" under the Parties' Stipulated Protective Order, which would preclude CDS from either using or disclosing the documents for any purpose outside of this litigation.

provide [CDS] with an advantage over competitors in acquiring profitable toll-free numbers…

(*See* Doc. No. 23).

In short, Cal. Code Civ. Proc. 2019.210 does not apply, and even if it did, CDS has already disclosed trade secrets with reasonable particularity. Thus, Defendants' objection is unfounded.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff, Call Delivery Services, LLC, respectfully requests that the Court grant the instant Motion and enter an Order in form submitted herewith, compelling Defendants to produce full and complete responses to Document Request Nos. 43, 44, and 45, and to produce all documents responsive thereto, within seven (7) days.

Respectfully submitted,

Dated: March 12, 2021     **BURKHALTER KESSLER CLEMENT & GEORGE LLP**

By: */s/Joshua A. Waldman*
Alton G. Burkhalter
Daniel J. Kessler
Joshua A. Waldman
*Attorneys for Plaintiff*

Dated: March 12, 2021     **COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

By: */s/Jonathan Landesman*
Jonathan Landesman
*Attorneys for Plaintiff*

9
**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF ELECTRONIC SERVICE**

**Central District of California**

Service of the attached documents was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I, declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 12, 2021, at Irvine, California.

By: *Joshua A. Waldman*

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO PLAINTIFF'S DOCUMENT REQUEST NOS. 43, 44, AND 45, MEMORANDUM OF POINTS AND AUTHORITIES** was served upon all parties that have appeared in this action either individually or through counsel via electronic mail, addressed below as follows:

Michael P. Ring, Esq.
RING & ASSOCIATES
1234 SANTA BARBARA STREET
SANTA BARBARA CA 93101
TEL. 805-564-2333
FAX 805-564-8899
mpr@ringlaw.net
Attorney for Defendant
DARYL MORGAN and CALL HAVEN PARTNERS, LLC

Jonathan Landesman, Esq.
COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC
30 South 17th Street, 19th Floor
Philadelphia, PA 19103
TEL: 215-564-1700
FAX: 215-564-3066
jlandesman@cohenseglias.com
Co-Counsel for Plaintiff
CALL DELIVERY SYSTEMS, LLC

Dated: March 12, 2021					By: */s/Andrea M. Frljuckic*
							ANDREA M. Frljuckic