*Law Office Of*
**MICHAEL P. RING**
AND ASSOCIATES
Michael P. Ring, State Bar #95922
mpr@ringlaw.net
1234 Santa Barbara Street
Santa Barbara, CA 93101
(805) 564-2333 TEL
(805) 564-8899 FAX

ATTORNEY FOR DEFENDANTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| Call Delivery Systems, LLC, a California limited liability company,<br><br>      Plaintiff<br><br>      v.<br><br>Daryl Morgan, an individual; Call Haven Partners, LLC, a California limited liability company,<br><br>      Defendants | Case 2:20-cv-04637-CBM-PD<br><br>**Assigned for Discovery purposes:**<br>**Magistrate Judge**<br>**Honorable Patricia A. Donahue**<br>**Courtroom 580**<br><br>**DEFENDANTS' POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH DOCUMENT REQUESTS NOS. 43, 44, & 45.** |

Pursuant to the Magistrate Judge's March 11, 2021 Order (Doc. No. 47), Defendants, Daryl Morgan ("Morgan") and Call Haven Partners, LLC ("Call Haven") (collectively, "Defendants"), by and through its undersigned counsel, submit this Memorandum of Points and Authorities in opposition to Plaintiff's Motion to Compel to produce full and complete responses to CDS's Document Requests NOS. 43, 44, & 45.

**I.**
**A PARTY IS REQUIRED TO PROVIDE INITIAL TRADE SECRET**

1

**DISCLOSURES PRIORTO OBTAINING DISCOVERY FROM THE ADVERSE PARTY IN A TRADE SECRETS CASE.**

As seen in the initial Complaint filed by Plaintiff herein, this matter asserts claims under both Federal and California Law pertaining to Trade Secrets. Plaintiff's First Count is under Federal Law. Plaintiff's Second Count is under California Law. Even if the Federal Court's did not abide by California Law for Count 1, they clearly should adopt California Law for Count 2.

Despite Plaintiff's protestations to the contrary, in a Trade Secrets case the Courts have uniformly required that the party asserting a theft of trade secrets must specifically describe what items of trade secret they claim have been stolen.  As the 9th Circuit has stated "California has adopted the Uniform Trade Secrets Act ("UTSA") which codifies the basic principles of common law trade secret protection. Cal.Civ.Code §§ 3426–3426.10 (West Supp.1993). To establish a violation under the UTSA, it must be shown that a defendant has been unjustly enriched by the improper appropriation, use or disclosure of a "trade secret." *Mai Systems Corporation v. Peak Computer, Inc*. 991 F.2d 511, (9th Cir. 1993) at 520.

The purposes of California's requirement of pre-discovery identification of trade secrets, in an action for misappropriation of trade secrets in violation of California Uniform Trade Secrets Act (CUTSA), are: (1) promoting well-investigated claims and dissuading the filing of meritless trade secret complaints; (2) preventing plaintiffs from using the discovery process as a means to obtain defendant's trade secrets; (3) assisting the court in framing the appropriate scope of discovery and in

determining whether plaintiff's discovery requests fall within that scope; and (4) enabling defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.  *Loop AI Labs Inc. v. Gatti*, 195 F.Supp.3d 1107 (N.D.Cal.2016).

According to the *Loop* Court, pre-discovery identification of claimed trade secrets in an action for misappropriation of trade secrets in violation of California Uniform Trade Secrets Act (CUTSA), is necessary in order to distinguish the alleged trade secrets from matters already known to persons skilled in that field.

Additionally, a Uniform Trade Secrets Act plaintiff must, prior to commencing discovery, identify the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.  *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc*. 226 Cal.App.4th 26 (2014), review denied.  The purpose of statute mandating that trade secrets be identified with reasonable particularity before discovery commences, to comport with the "reasonable particularity" requirement, is that the Plaintiff must make some showing that is reasonable, i.e., fair, proper, just, and rational, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.  *Advanced*

*Modular Sputtering, Inc. v. Superior Court* 132 Cal.App.4th 826 (2005), rehearing denied.

In *Imax Corp. v. Cinema Technologies, Inc.,* 152 F.3d 1161 (9th Cir.1998) the appellate court held that the district court properly rejected a claim that information was a trade secret where the plaintiff "failed to carry its burden of identifying *for the court*" exactly what information was claimed to be a trade secret. *Id.* at 1167–1168. "The plaintiff 'should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade.' " *Imax Corp. v. Cinema Techs*., Inc., 152 F.3d 1161, 1164 (9th Cir. 1998) A district court can therefore reject a claim that information is a trade secret *sua sponte* if the information is not identified by the claimant with sufficient particularity to allow the court to determine what the information is. *Agency Solutions.Com, LLC V. The Trizetto Group, Inc*, 819 F.Supp.2d 1001 (E.D. Cal. 2011), at 1017.

Pursuant to California Code of Civil Procedure Section 2019.210, plaintiffs must identify their trade secrets with "reasonable particularity" prior to commencing discovery. Cal. Civ. Code § 2019.210. Federal courts have applied the state provision in federal cases. *See Social Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *1–3 (N.D. Cal. June 14, 2012) & *InteliClear, LLC, V. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir 2020).

Plaintiff's argument that the *InteliClear, LLC, V. ETC Global Holdings, Inc.*,

case "impliedly rejects the state statute's application in federal courts" is a blatant misstatement of the decision in that case.  The *InteliClear* Court reversed the lower court's grant of summary judgment because the 9th Circuit found the issue of whether or not the Plaintiff had identified a trade secret with sufficient particularity was a question of fact that required a trial, not because California Law did not apply.

District Court decisions on topic have generally fallen within three categories: (1) the discovery restriction does not conflict with the Federal Rules of Civil Procedure and is fully applicable (*e.g.,* <u>Social Apps, LLC v. Zynga, Inc.</u>, 2012 WL 2203063, *1 (N.D. Cal., 2012)</u>); (2) the restriction conflicts with <u>Rule 26 of the Federal Rules</u> and is not applicable (*e.g., Hilderman v. Enea TekSci, Inc.*, 2010 WL 143440, *2-3 (S.D. Cal., 2010)); and (3) a federal court may use the Federal Rules to fashion appropriate protections in a particular case, which may be similar to the California restrictions in order to advance the same objectives served by the California statute (*e.g., Jardin v. DATAllegro, Inc.*, 2011 WL 3299395 (S.D. Cal., 2011)).

> "The Court will not repeat here the extensive analysis other district courts have conducted in reaching their various conclusions. Suffice it to say that the same destination may be reached regardless of the road taken. California courts utilize a flexible standard to allow a plaintiff in an appropriate case to be less than fully descriptive in articulating the alleged trade secret. *See, e.g., Brescia v. Angelin*, 172 Cal. App. 4th 133, 145 (2009); *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (2005) ("the law is flexible enough for the referee or the trial court to achieve a just result depending on the facts, law, and equities of the situation"). Therefore, regardless of whether California law or the Federal Rules are applied, the issue collapses into the following: given the legitimate policy objectives of the California statute, what safeguards, if any, are appropriate in the case before the Court.

*Cole Group, Inc v. Manning* (C.D. Cal., Nov. 2, 2012, No. CV120104RGKFFMX) 2012 WL 12892426, at *2

There have been other Central District cases which have dealt with this questions and applied the California standard under California Civil Procedure Code section 2019.210, that before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity ... that before a trade secret defendant must submit to potentially costly litigation and discovery, 'the complainant should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies, and that the plaintiff must simply make "some showing that is reasonable, i.e., fair, proper, just and rational, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits." (citations omitted). *TMC Aerospace, Inc. v. Elbit Systems of America LLC* (C.D. Cal., Jan. 29, 2016, No. CV 15-07595-AB (EX)) 2016 WL 3475322, at *4. *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 988 (S.D. Cal. 1999) (holding § 2019.210 complements rather than conflicts with federal discovery rules); Gabriel Technologies Corp. v. Qualcomm Inc., 2012 WL 849167, at *2 (S.D. Cal. Mar. 13, 2012) (finding § 2019.210 does not conflict with any federal rule and its

application avoids undesirable forum shopping); *Advante International Corp. v. Mintel Learning Technology*, 2006 WL 3371576 (N.D. Cal. Nov. 21, 2006) (declining to decide applicability of § 2019.210 in federal cases but using it as guide); *Excelligence Learning Corp. v. Oriental Trading Co., Inc.,* 2004 WL 2452834 (N.D. Cal. June 14, 2004) (finding § 2019.210 not binding, but applying it because there was no parallel trade secret discovery provision in federal discovery rules).

## II.
## IN THIS MATTER CALIFORNIA LAW WILL APPLY TO REQUIRE PLAINTIFF TO SUFFICIENTLY DESIGNATE ITS CLAIMED TRADE SECRETS PRIOR TO BEING ENTITLED TO DISCOVERY

"In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act… before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. Code Civ. Proc., § 2019.210.

While the Ninth Circuit has not decided whether Section 2019.210 <u>must</u> be applied by district courts hearing CUTSA claims, district courts that have considered the issue have handled the application of § 2019.210 in various ways. *Masimo Corporation v. Apple Inc.*, 2020 WL 5223558, 4 (C.D. Cal. June 15, 2020) (citing *Conversion Logic, Inc. v. Measured, Inc.*, No. 8:20-cv-00048-JVS (JDEx), 2020 WL 2046391, *2 (C.D. Cal. Jan. 16, 2020)).

In *Masimo*, 2020 WL 5223558, *5 the court indicated that the trial judge has wide discretion to order pretrial proceeding before it including limiting trade secret

discovery only pending Plaintiff's compliance with Section 2019.210.

The purpose of this section is, among other things, to identify frivolous claims, to assist the court in framing the appropriate scope of discovery, and to enable defendants to "form complete and well-reasoned defenses" to charges of misappropriation rather than allowing a plaintiff to effectively sandbag defendants by articulating specific claims on the eve of trial. *Activerain Corp. v. Move, Inc.* (C.D. Cal., Apr. 29, 2008, No. CV 07-5037-DDP(CTX)) 2008 WL 11343023, at *2

Another Central District Court has held that a party seeking a Motion to Compel, that was directed at trade secret discovery. was not entitled to trade secret discovery under California Code of Civil Procedure Section 2019.210 until it identifies its alleged trade secrets with "reasonable particularity." *CBS Broadcasting Inc. v. American Broadcasting Companies, Inc.* (C.D. Cal., June 26, 2012, No. CV124073GAFJEMX) 2012 WL 13013028, at *2

In *Western Air Charter v. Schembari* (C.D. Cal., Apr. 9, 2018, No. CV-17-420-AB (KSX)) 2018 WL 6537158, referring to the pre-discovery trade secret disclosure under California Code of Civil Procedure section 2019.210, the Court opined that "Simply identifying broad categories of "strategic business information" as "trade secrets" does not identify a party's alleged trade secrets with particularity." at *4.

*Green Crush, LLC v. Paradise Splash I, Inc.* (C.D. Cal., May 28, 2019, No. SACV1701856CJCJDEX) 2019 WL 8640652, stated that "regardless of whether Section 2019.210 applies in federal courts, the general rule is consistent with the

policies behind the federal discovery rules to narrow and clarify the basic issues between the parties and ascertain the facts or information as to the existence or whereabouts of facts relative to those issues." *Id*. at *4.

*Social Apps, LLC v. Zynga, Inc.* (N.D. Cal., June 14, 2012, No. 4:11-CV-04910 YGR) 2012 WL 2203063, expressly states that "First, the Court finds that the trade secret disclosure provisions in section California Code of Civil Procedure § 2019.210 are properly applied here. *Id*. at *1

Another Court has held that "After review of the law and circumstances in this case, the Court will require that Plaintiffs identify their trade secrets with reasonable particularity compliant with Section 2019.210. Applying Section 2019.210 here will narrow and clarify the basic issues between the parties, thereby furthering the goal of efficiency for the court and litigants." *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek* (E.D. Cal., June 19, 2018, No. 117CV00808DADEPG) 2018 WL 3062160, at *4

As can be seen hereinabove, there is a plethora of Federal cases within the 9th Circuit that have required compliance with CCP Section 2019.210 prior to allowing trade secret discovery to proceed. The reasoning of those case are not only sound, but provide great guidance to this honorable Court herein. It is respectfully submitted that their logic applies here.

### III
### PLAINTIFF HAS MISLED THIS COURT AS TO FACTS ASSERTED IN ITS PAPERS

9
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE

Plaintiff has made several material misstatements in their brief filed herein.

Plaintiff's counsel asserts that Defendant testified in his deposition that he solicited customers of Plaintiff while he was still employed by Plaintiff. That is simply untrue. Plaintiff's counsel does not attach the deposition reference because they know it is not accurate.

Plaintiff's counsel asserts that Defendant testified in his deposition that 732-Numbers became a customer of Defendant the same day that he resigned his employment with Plaintiff. That is simply untrue. Plaintiff's counsel does not attach the deposition reference because they know it is not accurate.

Plaintiff's counsel asserts that Defendant testified in his deposition that more than half of Call Haven's roughly thirty (30) current Buyers and Suppliers (combined) are former CDS Buyers and/or Suppliers, to which Morgan only gained access through his employment at CDS. Again, that is simply untrue. Plaintiff's counsel does not attach the deposition reference because they know it is not accurate

## IV.
## PLAINTIFF IS NOT ENTITLED TO DISCOVERY INTO DEFENDANTS' FINANCIAL MATTERS AT THIS TIME

Plaintiff seeks discovery of Defendants' various financial records herein under the guise of claiming that they will establish Plaintiff's damages. The information is not discoverable.

There is a strong policy against requiring the production of tax returns, which can be overcome only where the moving party has identified that there is no other available source for that information. See *San. Fran. Bay Area Rapid Transit Dist. v.*

*Spencer*, No. C 04-04632SI, 2006 WL 3050860, at *1 (N.D. Cal. Oct. 23, 2006) (denying motion to compel production of tax returns, stating that "[t]here is a strong public policy disfavoring disclosure of tax returns," and stating that "the Court can only require the production of tax returns if they are relevant, and if there is a compelling interest because the information is not otherwise obtainable"); *S. Cal. Housing Rights Ctr. v. Krug*, No. CV06-1420SJO JCX, 2006 WL 4122148, at *3 (C.D. Cal. Sept. 5, 2006) (denying a motion to compel and stating, "Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.... First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." (citations omitted)); Id. (noting that although defendant's "financial condition and net worth, including documents such as tax returns, is relevant to plaintiff's claim for punitive damages" there is "no compelling need for defendants' tax returns at this time," particularly since "[p]laintiff has suggested it can access the necessary financial information through other less intrusive means"); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (holding that a district court did not abuse its discretion in quashing a subpoena for tax returns based on the "primacy" of the "public policy against unnecessary public disclosure" of tax returns, which is designed to "encourage taxpayers to file complete and accurate returns").

As Defendant Morgan is an individual, and Defendant CHP is a limited liability company, not a public corporation, their financial records are not available to the public, are kept private and are commercially sensitive. These financial records are privileged. See, e.g., *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) and are trade secrets. *ADVANCED VISUAL IMAGE DESIGN, LLC, dba Avid Ink, a California Limited Liability Company, Plaintiff, v. EXIST, INC.*, et al., *Defendants.*, 2015 WL 6666964 (C.D.Cal.)

While tax returns do not enjoy an absolute privilege from discovery, *St. Regis Paper Co. v. United States,* 368 U.S. 208, 219, (1961); nevertheless, there is a public policy against unnecessary public disclosure if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns. *Federal Savings & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512 (N.D.Ill.1972).   The district court, under the circumstances of this case, could reasonably have based its order to quash the subpoena of tax returns on the primacy of this policy. *Premium Service Corp. v. Sperry & Hutchinson Co.* (9th Cir. 1975) 511 F.2d 225, 229

Additionally, tax returns are generally privileged under California law.  In deciding whether to order production of tax documents, courts consider whether the relevant financial information can be gleaned from other sources. See <u>Sater v. Chrysler Group, LLC</u>, No. 14-00700-VAP-DTB, 2016 WL 3136196, at *3 (C.D. Cal. Mar. 4, 2016) (noting plaintiffs had "not otherwise identified any other records that have been produced that would supply the information being sought").

In addition to a general right of privacy applicable to a party's financial information, "California law affords a very strong privilege from discovery for tax returns." *Davis v. Leal*, 43 F. Supp. 2d 1102, 1109 (E.D. Cal. 1999) (internal citation omitted). In the seminal case of *Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, (1957), the California Supreme Court concluded that the state's statutory prohibition on the disclosure of tax returns by government administrators created an "implied privilege against forced disclosure in civil discovery proceedings." *Schnabel v. Superior Court*, 5 Cal. 4th 704, 720, (1993) (citing Webb); see also Weingarten v. Superior Court, 102 Cal. App. 4th 268, 274. The purpose of the privilege, which California applies to both state and federal tax returns, is to "facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes." *Webb*, 49 Cal. 2d at 513. "[The] privilege against forced disclosure of tax returns has been reaffirmed in a variety of situations by both [the California Supreme Court] and the courts of appeal." *Schnabel*, 5 Cal. 4th at 720 (citing cases). Specifically, it has been held to apply to bank and corporate tax returns as well as individual tax returns. Id. (citing *Sav–On Drugs, Inc. v. Superior Court,* 15 Cal. 3d 1, 6–7, (1975)).

## **CONCLUSION**

As noted hereinabove, the Plaintiff's document production requests under immediate consideration are impermissible and should not be countenanced by this

13
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL COMPLIANCE

honorable Court.

Assuming, *arguendo*, that this Court issues its order compelling further responses to Document Request Nos. 43, 44, and 45, the scope of the documents to be produced must be far more limited in its scope and application than that sought by Plaintiff, i.e., the period from Defendants' alleged misappropriation of the trade secrets to the time Defendants would have acquired the information through other lawful means.

Respectfully submitted,

LAW OFFICE OF MICHAEL P. RING & ASSOC.

Dated: March 12, 2021      By _____*Michael P. Ring*_____
MICHAEL P. RING
ATTORNEYS FOR DEFENDANT
DARYL MORGAN, AN INDIVIDUAL;
CALL HAVEN PARTNERS, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 1234 Santa Barbara Street, Santa Barbara, California, 93101.

On **March 12, 2021**, I served the foregoing document described as **DEFENDANTS' POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE** on the interested parties in this action by placing ____ the original **XX** a true copy thereof as follows:

**Alton G. Burkhalter**
**Daniel J. Kessler**
**Joshua A. Waldman**
**Burkhalter Kessler Clement & George, LLP**
**2020 Main Street, Suite 600**
**Irvine, CA 92614**
**aburkhalter@bkcglaw.com**
**dkessler@bkcglaw.com**
**jwaldman@bkcglaw.com** – *email only*

_____ **(BY PLACING FOR COLLECTION AND MAILING)** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 1234 Santa Barbara Street, Santa Barbara, CA 93101 in the ordinary course of business.

**XX** **BY ELECTRONIC MAIL TRANSMISSION**: via the United States District Court, Central District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

_____ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the addressee at the Santa Barbara Superior Courthouse, 1100 Anacapa St. Santa Barbara CA

**XX** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**Executed on March 12, 2021, at Santa Barbara, California.**

  MICHAEL P. RING                                    *Michael P. Ring*
Type or Print Name                                        Signature