BURKHALTER KESSLER
CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email: aburkhalter@bkcglaw.com
Daniel J. Kessler, Esq. Bar No 173710
Email: djkessler@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501
Attorneys for Plaintiff
Call Delivery Systems, LLC

Jonathan Landesman, Esq.
Hope Steidle Kildea, Esq.
COHEN SEGLIAS PALLAS
GREENHALL & FURMAN PC
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
TEL: 215-564-1700
FAX: 215-564-3066
jlandesman@cohenseglias.com
hkildea@cohenseglias.com
Co-Counsel for Plaintiff
Call Delivery Systems, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Call Delivery Systems, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Daryl Morgan, an individual; Call Haven Partners, LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:20-cv-04637-CBM-PD<br><br>Honorable Consuelo B. Marshall<br><br>**PLAINTIFF / COUNTERCLAIM-DEFENDANT, CALL DELIVERY SYSTEMS, LLC'S TRIAL BRIEF PURSUANT TO L.R. 16-10**<br><br>Complaint Filed: May 22, 2020<br><br>Trial Date: March 30, 2022 |

Plaintiff / Counterclaim-Defendant, Call Delivery Systems, LLC ("CDS"), by and through its undersigned counsel, hereby submits the following Trial Brief in advance of the trial in this matter on March 30, 2022 at 10:00 a.m. PDT. Pursuant to L.R 16-10, CDS limits this brief to respond to the legal arguments presented by Defendants, Daryl Morgan ("Morgan") and Call Haven Partners, LLC ("CHP") in their Memorandum of Contentions of Fact and Law (ECF No. 99, "Defendants' Memorandum") in support of Defendants' Affirmative Defenses and Morgan's Counterclaim II for Waiting Time Penalties under California Labor Code § 203.[1]

## I. <u>Defendants' Affirmative Defenses</u>

Defendants originally pleaded nineteen purported "Affirmative Defenses" to CDS's claims. (*See* ECF No. 30). Defendants have since abandoned their Second, Third, Tenth, Twelfth, Sixteenth, and Nineteenth Affirmative Defenses. (ECF No. 99 at 21:21). Defendants' First, Fourth, Fifth, Sixth, Thirteenth, Fourteenth,[2] Fifteenth, and Eighteenth

[1] CDS submits that due to the Court's Order dated March 16, 2022 granting summary judgment in part in favor of CDS on Morgan's counterclaims (ECF No. 129 "Summary Judgment Order"), the Court should disregard any law or facts pertaining to Morgan's Counterclaims I, II (for unpaid wages only), III, V, and VI. This includes, but is not limited to, the following pages and lines of Defendants' Memorandum: (i) 6:19 – 16:20, as they relate to Counterclaim I; 16:21 – 17:20, as they relate to Counterclaim II for unpaid wages only; and 17:21 – 19:20, as they relate to Counterclaim III.

[2] Additionally, Defendants' Thirteenth and Fourteenth Affirmative Defenses relate to CDS's requests for injunctive relief, which are not presently at issue. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court". *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Following a jury verdict, a prevailing plaintiff may avail itself of the district court's equitable powers by filing a motion for permanent injunctive relief. *See id.* at 391. Accordingly, CDS's request for injunctive relief must be addressed on motion to the Court following resolution of CDS's legal claims, not at trial.

"Affirmative Defenses" are not truly affirmative defenses, but rather are bald denials of the allegations in CDS's Complaint and, accordingly, are properly addressed by the jury when deciding the merits of CDS's claims. Defendants' legal arguments in support of their remaining purported "Affirmative Defenses" are separately addressed below.

**a. <u>Defendants' Seventh Affirmative Defense: CUTSA Preemption</u>**

Defendants assert that CDS's breach of fiduciary duty claim against Morgan is preempted by the California Uniform Trade Secrets Act ("CUTSA") because "it is based on the same nucleus of facts as its misappropriation of trade secrets claim." (ECF No. 99 at 3:23-25) (*citing Whiteslate, LLC v. Dahlin*, No. 20-CV-1782 W (BGS) (S.D. Cal. July 7, 2021). To the contrary, such a fiduciary duty claim is not subject to CUTSA preemption if "the alleged breach … was broader than disclosing trade secrets or confidential information and included a duty not to compete against one's current employer (i.e., a duty of loyalty)." *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 475 (N.D. Cal. 2020). *See also Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 704 (9th Cir. 2017) (claim for breach of fiduciary duty of loyalty arising out of defendant's disclosure of confidential information with a competitor not preempted by CUTSA because claim "does not require that the confidential information qualify as a 'trade secret'" and thus, "has a basis independent of any misappropriation of a trade secret"). CDS's claim is broader than Morgan's misappropriation of CDS's trade secrets and includes his formation of a competing business and solicitation of CDS's buyers and

suppliers on behalf of CHP. (ECF No. 1 at ¶ 130). CDS's breach of fiduciary duty claim against Morgan is, thus, not preempted by CUTSA because it has a basis in Morgan's duty not to compete with CDS, which is independent of Morgan's misappropriation of CDS's trade secrets.

**b. <u>Defendants' Eighth Affirmative Defense: Failure to Mitigate Damages</u>**

Defendants assert that CDS's claims "are barred or subject to reduction" because "CDS made no effort to get allegedly misappropriated trade secrets back or to recover alleged loss of revenue." (ECF No. 99 at 4:1-5). "The rule of mitigation of damages comes into play ***after a legal wrong has occurred***, but while some damages may still be averted. This is so because mitigation, while it might diminish a party's recovery, ***does not diminish the party's interest in proving it is entitled to recovery***." *Clayworth v. Pfizer, Inc*., 49 Cal. 4th 758, 789, 233 P.3d 1066, 1087 (2010) (internal citations omitted) (emphasis added). Contrary to Defendants' representation, CDS's duty to mitigate its damages resulting from Defendants' unlawful conduct does not translate to a duty to prevent Defendants' unlawful conduct from the outset. Defendants cannot escape responsibility for their actions by blaming CDS for not preventing Defendants' own wrongdoing.

**c. <u>Defendants' Ninth and Eleventh Affirmative Defenses: Unlawful Restraint on Competition</u>**

Defendants assert that CDS's claims are barred by California Business and Professions Code § 16600. (ECF No. 99 at 4:7 – 5:2). Section 1660 provides that "every

contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600. Because there are no such contractual provisions or restrictive covenants at issue, Defendants' Ninth and Eleventh Affirmative Defenses are inapplicable and warrant no further discussion.

**d. <u>Defendants' Seventeenth Affirmative Defense</u>**

Defendants claim that "[s]ome or all of CDS's claims" are moot because "Defendants returned everything and anything CDS requested which is allegedly a trade secret." (ECF No. 99 at 6:8-12). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1115-16 (9th Cir. 2020) (citations and quotation marks omitted). However, "a case is not moot if any effective relief may be granted". *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 990 (C.D. Cal. 2018) (*citing Karuk Tribe of Calif. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012)). Accordingly, even assuming, *arguendo*, that Defendants have, as they claim, returned all of CDS's trade secrets since the commencement of this litigation, that fact would not render CDS's claims moot because CDS is still entitled to monetary relief for damages resulting from Defendants' prior unlawful conduct.

## II. Morgan's Counterclaim II for Waiting Time Penalties

Morgan's Counterclaim II asserts a claim for Waiting Time Penalties under California Labor Code § 203 based on his allegation that CDS "failed to pay all wages due to [him] by the applicable deadline set forth in the Labor Code." (ECF No. 30, at 45:26-27). Count II of Morgan's Counterclaims incorporates by reference all preceding paragraphs, including Morgan's allegations that had not been paid by CDS for "accumulated unpaid time off" as of the date of his resignation. (*Id.* at 40:13-14). "Pursuant to California Labor Code § 203, an employer is liable for penalties if it 'willfully fails to pay' wages owed to an employee at the time he or she is discharged or quits." *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1133 (C.D. Cal. 2011) (citing Cal. Lab. Code § 203(a)). Pursuant to Labor Code § 227.3, an employee's "wages" due at termination includes any unused vacation time that has vested to the employee under "a contract of employment or employer policy provid[ing] for paid vacations". Cal. Lab. Code § 227.3.

Though Morgan's allegations regarding PTO were incorporated by reference into his Counterclaim II, Defendants do not reference "PTO", "paid time off", or "vacation time" once in Defendants' Memorandum. (*See* ECF No. 99). Additionally, Defendants' Proposed Jury Instructions include an instruction on waiting-time penalties under Section 203, but do not include an instruction on a claim for earned, but unused PTO under California Labor Code § 227.3. (*See* ECF No. 130 at 84). Moreover, Defendants'

Waiting-Time Instruction does not state that earned, unused PTO may be included as "wages." Defendants' Request for Special Verdict includes a proposed verdict form for claims for waiting-time penalties under Section 203, but does not include a verdict form for claims for unpaid PTO under Section 227.3. (*See* ECF No. 131 at 6).

After the parties filed their respective Memoranda of Contentions of Facts and Law, but before filing their Requested Jury Instructions and Proposed Verdict Forms, the Court granted summary judgment in favor of CDS on Counterclaim II as it relates to Morgan's claim for unpaid overtime wages, but denied summary judgment on the portion of the claim for unpaid PTO after finding "a genuine dispute of material fact as to whether Defendant Morgan is entitled to unpaid PTO." (ECF No. 129, at 10:11-12). Because Defendants' pre-trial filings make no mention of a claim for unpaid PTO under Labor Code Section 227.3, CDS respectfully submits that Counterclaim II should be tried as plead, that is, as a claim for Waiting Time Penalties only pursuant to Labor Code § 203, and not as a claim for unpaid PTO under Labor Code § 227.3.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

Dated: March 23, 2022

**BURKHALTER KESSLER CLEMENT & GEORGE, LLP**

*/s/Joshua A. Waldman*
JOSHUA A. WALDMAN, ESQUIRE
2020 Main Street, Suite 600
Irvine, CA 92614
Phone: (949) 975-7500
Fax: (949) 975-7501
Email: jwaldman@bkcglaw.com

**COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.**
JONATHAN LANDESMAN, ESQUIRE
HOPE STEIDLE KILDEA, ESQUIRE

*/s/Hope Steidle Kildea*
*(Admitted Pro Hac Vice)*
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax: (215) 564-3066
Email: jlandesman@cohenseglias.com
hkildea@cohenseglias.com

*Attorneys for Plaintiff / Counterclaim-Defendant, Call Delivery Systems, LLC*

**DECLARATION OF ELECTRONIC SERVICE**

**Central District of California**

Service of the attached documents was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I, declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 23, 2022 at Irvine, California.

By: */s/Joshua A. Waldman*
JOSHUA A. WALDMAN

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF / COUNTERCLAIM-DEFENDANT, CALL DELIVERY SYSTEMS, LLC'S TRIAL BRIEF** was served upon all parties that have appeared in this action either individually or through counsel via electronic mail, addressed below as follows:

Michael P. Ring, Esq.
RING & ASSOCIATES
1234 SANTA BARBARA STREET
SANTA BARBARA CA 93101
TEL. 805-564-2333
FAX 805-564-8899
mpr@ringlaw.net
Attorney for Defendant
DARYL MORGAN and CALL HAVEN PARTNERS, LLC

Jonathan Landesman, Esq.
Hope Steidle Kildea, Esq.
COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
TEL: 215-564-1700
FAX: 215-564-3066
jlandesman@cohenseglias.com
hkildea@cohenseglias.com
Co-Counsel for Plaintiff
CALL DELIVERY SYSTEMS, LLC

Dated: March 23, 2022

By: */s/Andrea M. Frljuckic*
Andrea M. Frljuckic