*Law Office Of*
**MICHAEL P. RING**
AND ASSOCIATES
Michael P. Ring, State Bar #95922
mpr@ringlaw.net
1234 Santa Barbara Street
Santa Barbara, CA 93101
(805) 564-2333 TEL
(805) 564-8899 FAX

ATTORNEY FOR DEFENDANTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| **Call Delivery Systems, LLC, a California limited liability company** | **Case 2:20-cv-04637-CBM-PD** |
| **Plaintiff** | **NOTICE OF DEFENDANTS DARYL MORGAN AND CALL HAVEN PARTNERS, LLC'S MOTION IN LIMINE # 1 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING DEFENDANT DARYL MORGAN'S ALLEGED SPOLIATION OF EVIDENCE ON HIS LAPTOP** |
| **v.** | |
| **Daryl Morgan, an individual; Call Haven Partners, LLC, a California limited liability company,** | |
| **Defendants** | [(Proposed) Order and Declaration of Counsel filed concurrently herewith] |

**PLEASE TAKE NOTICE** that at the Parties' Pre-Trial Conference on September 5, 2023, at 2:30 P.M. PDT, Defendants, Daryl Morgan, and Call Haven Partners, LLC, by and through its undersigned counsel, will appear before District Judge Honorable Consuelo B. Marshall in the United States District Court, Central District of California, Western Division, Courtroom 8B, to seek an Order precluding Plaintiff, Call Delivery Systems, LLC ("Plaintiff"), from offering testimony or other

evidence about any alleged intentional destruction of evidence into evidence at the trial of this matter. In accordance with L.R. 7.3, on July 14, 2023 and again on July 24, 2023, counsel for the Parties met and conferred in good faith, but were unable to resolve the issues raised herein.

This Motion is supported by the accompanying Memorandum of Points and Authorities, Declaration of Michael P. Ring, and (Proposed) Order. Defendants respectfully requests Oral Argument.

Respectfully submitted,        LAW OFFICE OF MICHAEL P. RING & ASSOC.

Dated: July 28, 2023        By *Michael P. Ring*
                                MICHAEL P. RING
                                ATTORNEYS FOR DEFENDANT
                                DARYL MORGAN, AN INDIVIDUAL;
                                CALL HAVEN PARTNERS, LLC, A
                                CALIFORNIA LIMITED LIABILITY
                                COMPANY

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1        2:20-cv-04637-CBM-PD

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Daryl Morgan and Call Haven Partners, LLC ("Defendants"), by and through its undersigned counsel, hereby submit this Memorandum of Points and Authorities in support of their Motion *In Limine* to Preclude Evidence and Testimony regarding alleged destruction of evidence on Mr. Morgan's Surface Pro laptop computer.

## I.   INTRODUCTION

Plaintiff has maintained, throughout the course of this litigation, that in October 2020, approximately five (5) months after Plaintiff filed suit, Defendant Daryl Morgan intentionally destroyed evidence which had been contained on his Microsoft Surface Pro laptop computer. On July 14, 2022, Plaintiff moved for an award of sanctions against Defendants based on Mr. Morgan's alleged intentional destruction of evidence. However, the day after Plaintiff's request for new trial was granted, the Court denied Plaintiff's motion for sanctions and in doing so, recognized uncontroverted evidence that Mr. Morgan wiped the laptop of any relevant information several months before CDS filed suit. The issue of intentional spoliation of evidence has been adjudicated by this Court and, as such, evidence of intentional spoliation is irrelevant and prejudicial. For these reasons, CDS must be barred from proffering evidence or argument or otherwise in support thereof.

## II.   STATEMENT OF FACTS

On July 14, 2022, Plaintiff Call Delivery Systems, LLC ("CDS") moved this Court for an award of sanctions against Defendants based on allegations that

Defendant Daryl Morgan had intentionally destroyed evidence in this case by performing a factory reset on his Microsoft Surface Pro computer ("Laptop"). (ECF. No. 228.)

On September 21, 2022, this Court rendered its ruling on Plaintiff's Motion for sanctions stating:

> "…as to the Surface Pro laptop, CDS contends that, as CDS's former Chief Technology Officer, Mr. Morgan "understands technology" and knew that the factory reset would render the computer data difficult, if not possible, to recover. Furthermore, CDS cites to Mr. Maryman's testimony in which he stated that the factory reset of the Surface Pro laptop occurred on October 10, 2020 — approximately five months after CDS filed suit, and three days after Defense Counsel contacted Mr. Maryman about imaging the computer data. Mr. Morgan, however, testified that he first factory reset the Surface Pro computer in March 2020. Accordingly, the Court finds that there is no evidence from which the Court could conclude that Mr. Morgan's action constituted intentional spoliation."

(*See* ECF. No. 238, pg. 4, lines 7-16.)

## III.   STANDARD OF REVIEW

Although not specifically provided for in the Federal Rules of Evidence, the use of motions in limine has evolved under the Federal Courts' inherent authority to manage trials. *See Luce v. U.S.*, 469 U.S. 38, 41 n. 4 (1984).

"A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence." *U.S. v. Young*, Civ. A. No. CR 10-923 SJO (#31), 2019 WL 9518231, slip op. at *1 (C.D. Cal. Apr. 8, 2019) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004–05

(9th Cir. 2003)).

## IV. LEGAL ARGUMENT

### a. *The Issue of Intentional Spoliation Has Already Been Adjudicated*

The doctrines of res judicata and collateral estoppel prevent parties from relitigating issues or disputes that have already been litigated and decided. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Grondal v. United States,* 21 F.4th 1140, 1151 (9th Cir. 2021). Meanwhile, "[i]ssue preclusion, or collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 963 (9th Cir. 2020) (internal quotation marks and citations omitted).

On September 20, 2022, this Court granted Plaintiff's motion for new trial. The very next day, September 21, 2022, this Court ruled on Plaintiff's Motion for Sanctions and expressly found "no evidence from which the Court could conclude that Mr. Morgan's action constituted intentional spoliation" as it relates to the Laptop. Thus, the issue of Daryl Morgan's alleged intentional spoliation of evidence on the Laptop has already been adjudicated and, as such, Plaintiff must be barred from presenting evidence, argument or otherwise at trial or in front of the jury supporting the allegation.

### a. *Evidence of Intentional Spoliation Is Irrelevant and Substantially*

5

### *Outweighed by Danger of Unfair Prejudice*

Under Rule 402, "irrelevant evidence is not admissible." Fed. R. Evid. 402. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "A fact is of consequence to the determination of the action if it tends to prove a fact in issue*." Duboise v. Brauer*, 213 F.3d 641 (table), *1 (9th Cir. 2000) (*citing United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir.1987)). *See also Weston v. Harrigan*, 359 Fed.Appx. 868 (9th Cir. 2009) (affirming district court's exclusion of testimony regarding altered license used by underage police officer in liquor-law compliance check where "[t]he use of an altered license was not a 'fact in issue' because the record is devoid of any evidence that the underage operative produced an altered license when asked for her identification."); *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 920-21 (9th Cir. 2001)

Rule 403 also permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "confusing the issues." Fed. R. Evid. 403. Relevant evidence may still be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice". Fed. R. Evid. 403. Undue prejudice is defined as an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules. "Generally, unfair prejudice

is measured by the degree to which a jury responds negatively to some aspect of evidence unrelated to its tendency to make a fact in issue more or less probable." *Miller v. Hames*, 21 F.3d 1114 (table), *1 (9th Cir. 1994).

This Court previously dismissed CDS' claim against Daryl Morgan for intentional spoliation of evidence on the ground that, based on the facts, Morgan testified that the first factory reset of the Surface Pro computer took place in March 2020, approximately three (3) months before Plaintiff filed suit. (*See* ECF. No. 238, pg. 4, lines 7-16.) Because CDS' spoliation claim was disposed of on its motion for sanctions, testimony or other evidence, argument or otherwise concerning spoliation is no longer relevant to this case and is, therefore, inadmissible; see also *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 at 591 (1993) ("[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful"). Such testimony includes anything relating to Plaintiff's spoliation claim against Mr. Morgan.

Furthermore, considering the fact that Mr. Morgan first wiped the Laptop prior to CDS filing suit, CDS' suggestion to the jury that Mr. Morgan's second factory reset of the computer in October 2020[1], was undertaken intentionally to destroy incriminating evidence, would not only disregard uncontroverted contradictory evidence, but would also be substantially outweighed by unfair prejudice.

---

[1] Morgan testified that after his initial factory reset of the laptop, he gave the laptop to his children to play with and that the second factory reset was conducted in an effort to protect his children. (Trial Transcript, ECF. No. 210: pg. 124:17-25; 125:1-25; 126:1-24.)

## V.    CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Honorable Court grant the instant Motion *In Limine* to preclude evidence and testimony, argument or otherwise regarding alleged intentional spoliation of evidence, and enter an Order in the form attached hereto, directing that Plaintiff be barred from presenting or attempting to present testimony or other evidence, argument or otherwise about spoliation of evidence by Defendants at trial in this matter.

Respectfully submitted,          LAW OFFICE OF MICHAEL P. RING & ASSOC.


Dated: July 28, 2023          By _Michael P. Ring_____
                                   MICHAEL P. RING
                                   ATTORNEYS FOR DEFENDANT
                                   DARYL MORGAN, AN INDIVIDUAL;
                                   CALL HAVEN PARTNERS, LLC, A
                                   CALIFORNIA LIMITED LIABILITY
                                   COMPANY

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I am employed in the County of Santa Barbara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1234 Santa Barbara Street, Santa Barbara, California, 93101.

On **July 28, 2023**, I served the foregoing document described as **DEFENDANTS DARYL MORGAN, AND CALL HAVEN PARTNERS, LLC, NOTICE OF MOTION IN LIMINE #1 REGARDING ALLEGED SPOLIATION OF EVIDENCE ON LAPTOP AND MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing _____the original **XX** a true copy thereof as follows:

| | |
|---|---|
| **Alton G. Burkhalter** | **Jonathan Landesman** |
| **Daniel J. Kessler** | **Dana Hasness** |
| **Joshua A. Waldman** | **Cohen Seglias** |
| **Burkhalter Kessler Clement & George, LLP** | **30 South 17th Street** |
| **2020 Main Street, Suite 600** | **19th Floor** |
| **Irvine, CA 92614** | **Philadelphia, Pa 19103** |
| **aburkhalter@bkcglaw.com** | **jlandesman@cohenseglias.com** |
| **dkessler@bkcglaw.com** | **dhasness@cohenseglias.com** |
| **jwaldman@bkcglaw.com** | *email only* |
| *email only* | |

_____ **(BY PLACING FOR COLLECTION AND MAILING)** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 1234 Santa Barbara Street, Santa Barbara, CA 93101 in the ordinary course of business.

**XX  BY ELECTRONIC MAIL TRANSMISSION**: via the United States District Court, Central District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

**XX**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2023, at Santa Barbara, California.

MICHAEL P. RING_____          ___Michael P. Ring_____
Type or Print Name                              Signature

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1                    2:20-cv-04637-CBM-PD